UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION at ASHLAND

| | | |
|---|---|---|
| DERRICK JENNINGS, | ) | |
| Petitioner, | ) ) | Civil No. 0:22-028-HRW |
| v. | ) ) ) | |
| DAVID LEMASTER, | ) ) | **MEMORANDUM OPINION AND ORDER** |
| Respondent. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Derrick Jennings is an inmate at the Federal Correctional Institution in Ashland, Kentucky. Proceeding without a lawyer, Jennings filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in which he challenges the imposition of disciplinary sanctions against him. [D. E. No. 1]. The Court has fully reviewed Jennings's petition, as well as the Respondent's response [D. E. No. 9] and Jennings's reply brief [D. E. No. 12]. Thus, this matter is now ripe for a decision.

Jennings has not shown that he is entitled to a restoration of the good conduct time that he lost. As an initial matter, Jennings has not demonstrated in any clear way that he was denied the various procedural protections that he was due. Under the law, Jennings was entitled to advance notice of the charges against him, the opportunity to present evidence and witnesses in his defense, and a written decision

explaining the grounds used to determine his guilt. *See Wolff v. McDonnell*, 418 U.S. 539, 563-66 (1974).

Here, the record reflects that Jennings received each of these procedural protections. Indeed, as the Respondent has established, Jennings received notice of the charges against him on January 25, 2021, in advance of both a January 27, 2021 unit disciplinary committee hearing and a March 15, 2021 hearing before a disciplinary hearing officer (DHO). [*See* D. E. No. 9 at 3-4; *see also* D. E. No. 9-1 at 3, 13-24]. The Respondent has also demonstrated that Jennings was given the opportunity to present evidence and witnesses in his defense; in fact, the record indicates that Jennings offered a written statement and made an oral statement during the hearing. [*See* D. E. No. 9-1 at 20-24]. The record also shows that prison officials provided Jennings with a written decision thoroughly explaining the grounds used to determine his guilt of a Code 108 offense (possession of a hazardous tool). [*See id.*]. Thus, Jennings has not established that his due process rights were violated.

The only remaining question then is whether there was "some evidence" in the record to support the DHO's decision in this case. *See Superintendent v. Hill*, 472 U.S. 445, 454 (1985); *Selby v. Caruso*, 734 F.3d 554, 558-59 (6th Cir. 2013). This is a very low threshold. After all, the Court does not examine the entire record or independently assess the credibility of witnesses. *Hill*, 472 U.S. at 455. Instead, the Court merely considers "whether there is *any* evidence in the record that could

support the conclusion reached by the disciplinary board." *Id.* at 455-56 (emphasis added); *see also Higgs v. Bland*, 888 F.2d 443, 448-49 (6th Cir. 1989).

In this case, there was certainly *some* evidence in the record to support the DHO's decision. Indeed, the DHO's report details the evidence linking Jennings to the offense in question, including but not limited to an incident report, memoranda from at least two prison staff members, an alleged contraband list, and statements by multiple confidential informants. [*See* D. E. No. 9-1 at 20-24]. This evidence was clearly enough to meet the very low threshold applicable here, *see Hill*, 472 U.S. at 454, and Johnson's various arguments simply do not warrant a different result.

In sum, Jennings has not demonstrated that he was denied the procedural protections he was due, and there was enough evidence to support the DHO's decision in this case.

Accordingly, it is **ORDERED** as follows:

1. Jennings's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [D. E. No. 1] is **DENIED**.

2. This action is **DISMISSED** and **STRICKEN** from the Court's docket.

3. The Court will enter a corresponding Judgment.

This 20th day of July, 2022.



Signed By:
*Henry R Wilhoit Jr.*
United States District Judge

3